IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| SARA PARTEE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-CV-00815-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| SYGHT, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION[1]

Cynthia Reed Eddy, United States Magistrate Judge.

### I.      INTRODUCTION

This civil action was removed by Defendant Syght Inc. from the Court of Common Pleas of Allegheny County, Pennsylvania on June 3, 2022.  Plaintiff Sarah Partee generally brings this breach of contract and unjust enrichment action against Defendant Syght for breach of a promissory note and unpaid membership units she divested allegedly owed to her by Defendant Syght.

Defendant Syght presently moves to dismiss this lawsuit under the first filed rule or transfer this lawsuit pursuant to 28 U.S.C. § 1404(a) to the District of Colorado and argues that there is

---

[1]      A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which under 28 U.S.C. § 636(b)(1)(A) a United States Magistrate Judge may determine via Memorandum Opinion and Order. *McManus v. Giroux*, No. 3:13-CV-1729, 2013 WL 3346848, at *2 (M.D. Pa. July 2, 2013) (collecting cases).  The reasoning behind this is because the disposition of a motion to transfer "can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, No. 94 CIV.A0535 (MBM), 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).  "Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge . . . subject to appeal to the district court for an abuse of that discretion." *McManus*, 2013 WL 3346848, at *2 (collecting cases).

pending litigation concerning the subject matter of the present lawsuit. (ECF No. 11).  The motion is fully briefed and ripe for consideration. (ECF Nos. 12, 19, 20, 25).

For the reasons that follow, Defendant Syght's motion to transfer is granted, and this case is transferred to the District of Colorado.

## II.      BACKGROUND

Defendant Syght is a Delaware corporation headquartered in Colorado.  Plaintiff Partee and her husband Jonathan Partee are former executives and owners of Syght.  In 2019, the Partees sought to terminate their employment with Syght and sell their ownership interest.  Shortly thereafter, Syght initiated an action in the District of Colorado against the Partees for allegedly false and misleading representations they made to Syght's executive team, board and investors located in Colorado to obtain an overpayment on the repurchase of Sarah Partee's equity interest of membership shares in Syght pursuant to a Membership Interest Redemption Agreement entered into between the parties.  In the present action, Sarah Partee sues Syght to enforce and collect her equity interest in Syght under the same agreement.

## III.      DISCUSSION

A district court may transfer any civil action to another district or division that the case might have been brought if such a transfer is for the convenience of the parties and witnesses and is in the interest of justice. 28 U.S.C. § 1404(a).  The Court of Appeals for the Third Circuit has delineated several private and public factors that courts must balance when determining whether to transfer a case under the discretionary transfer statute. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The private *Jumara* factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the

convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara*, 55 F.3d at 879. Moreover, the Court must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive" for the parties. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, n.6, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013).

The public factors include "the enforceability of the judgment"; "the relative administrative difficulty in the two fora resulting from court congestion"; "the local interest in deciding local controversies at home"; "the public policies of the fora"; and "the familiarity of the trial judge with the applicable state law in diversity cases." *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting *Jumara*, 55 F.3d at 879–80).

Under 28 U.S.C. § 1391(b), venue is proper in any "judicial district in which any defendant resides." It is undisputed that Syght is headquartered in Colorado and therefore venue is proper in Colorado.

As to the first and second private *Jumara* factors – the plaintiff's forum preference versus the defendant's forum preference, while the plaintiff's preference should not be easily disturbed, "courts in our district have held that where there is a strong likelihood of consolidation with a related action, a transfer of venue is warranted." *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, No. CIV.A 09-2552, 2009 WL 1845236 at *5 (E.D. Pa. June 26, 2009) (citing *Prudential Ins. Co. of Am. v. Rodano*, 493 F. Supp. 954, 95 (E.D. Pa. 1980)). The presence of a related lawsuit in the transferee forum "is such a powerful reason to grant a transfer that courts

do so even where other *Jumara* factors, such as the convenience of the parties and witnesses, would suggest the opposite." *Villari Brandes & Kline, P.C.*, 2009 WL 1845236, at *5.

Here, it is clear that Plaintiff's preference as manifested from her original filing is to litigate in the Western District of Pennsylvania, while Syght's preference is to litigate in the District of Colorado, where there is pending related litigation between the parties. In the pending District of Colorado lawsuit, Syght is suing Plaintiff Partee and her husband Jonathan Partee and claims that as the Partees were divesting their ownership interest in Syght, they made false and misleading representations of fact and omissions to maximize the purchase price for the ownership interest in the company. (ECF No. 25 at 6). In the Colorado lawsuit, Syght alleges that it relied on these false and misleading representations and omissions when it entered into a Membership Interest Redemption Agreement with Sara Partee where it agreed to purchase her membership units for $1.8 million. *Id.* By comparison, in this action, Sarah Partee seeks to enforce and collect her $1.8 million equity interest in her membership shares under the Membership Interest Redemption Agreement. The subject matter underlying these actions is indistinguishable, as both actions seek a determination of the enforceability of the agreements related to Sara Partee's membership units. Therefore, there is a strong likelihood that this cause of action would be consolidated with the pending District of Colorado action which warrants a transfer of venue. While Plaintiff Partee argues that the District of Colorado does not have personal jurisdiction over her, and that should be considered in whether to transfer this lawsuit to Colorado, during the pendency of the present motion, the District of Colorado determined that it has personal jurisdiction over Sarah Partee, therefore that argument is considered moot. *See* (ECF No. 25 at 5-25). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed

to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960). Accordingly, this factor weighs heavily in favor of transfer, even if the other *Jumara* factors weigh against transfer.

Even though the presence of a related action alone is a strong enough factor to support transfer, the remaining *Jumara* factors will be discussed. As to the third private *Jumara* factor – whether the claim arose elsewhere – the claims here arose in the District of Colorado. The Redemption Agreement, Note and amendment to the Note were negotiated and executed in Colorado at Syght's headquarters. *Theresa Ayling v. Travelers Prop. Cas. Corp.*, No. CIV. A. 99-3243, 1999 WL 994403, at *5 (E.D. Pa. Oct. 28, 1999) ("Where plaintiff's cause of action arises from strategic policy decisions of a defendant corporation, the defendant's headquarters can be considered the place where events giving rise to the claim occurred."). Accordingly, this factor weighs in favor of transfer.

As to the fourth private *Jumara* factor – the convenience of the parties as indicated by their relative physical and financial condition – this factor does not weigh in favor of transfer. While Syght argues that it is a start-up company with little cash-flow, as compared to Plaintiff Partee who seeks to gain $1.8 million from her membership shares in Syght, the Court does not have enough information regarding the financial status of either party to determine whether transfer is favorable based on their financial conditions.

As to the fifth private *Jumara* factor – the convenience of the witnesses – this factor does not weigh in favor of transfer. While Syght argues that third-party investors who may be called as witnesses in a trial have not agreed to appear in Pennsylvania, there is no evidence showing that any witness has refused to testify absent a subpoena and therefore this factor does not weigh in favor of transfer. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 & n.2 (3d Cir. 1973).

As to the sixth private *Jumara* factor – the location of books and records – this factor does not weigh in favor of transfer.  While Syght argues that emails, presentations, test data, engineering documents, product design documents, source code, and prototypes are in Colorado, it does not argue that these documents are unable to be produced electronically.  Because Syght has the burden of showing transfer, this factor does not weigh in favor of transfer.

Therefore, while some factors do not weigh in favor of transfer, considering all the private *Jumara* factors considered together, and giving strong weight to the fact that there is a pending related lawsuit in the District of Colorado, the private *Jumara* factors weigh strongly in favor of a Colorado forum.

Considering the public *Jumara* factors, there is a strong possibility that inconsistent rulings in the two actions could impact the enforceability of the judgment, as the first judgment would have preclusive effect on the other action. Second, regarding the practical considerations making trial easy, expeditious or inexpensive, it would be more practical and efficient to transfer this case to Colorado, where the parties have already litigated through a motion to dismiss and have commenced discovery in the related action and discovery in both cases will overlap, therefore this factor weighs in favor of transfer.  Third, as to issues of court congestion, this factor is neutral, as there is no meaningful difference in the congestion of court dockets between the District of Colorado and the Western District of Pennsylvania.  As for the local interest in deciding local controversies at home and the public policies of the fora, these factors are neutral.  As for the familiarity of the trial judge with the applicable state law in diversity cases like this one, while the relevant agreements have a Pennsylvania choice of law provision, and while courts in this district are regularly called to analyze the legality of contracts under the laws of the Commonwealth of Pennsylvania, a judge sitting in the District of Colorado could certainly scrupulously analyze

issues arising under Pennsylvania contract law, and will be certainly called to do so in the related action, making this factor neutral.  Therefore, all the public factors considered together weigh in favor of a Colorado forum.

## IV.     CONCLUSION

Syght has met its burden of showing that the private or public factors sufficiently outweigh Plaintiff's choice of forum in Pennsylvania.[2]  Accordingly, Defendant's motion is granted, and this case shall be transferred to the District of Colorado forthwith.

An appropriate Order follows.


Dated: November 2, 2022.                                              By the Court,
                                                                      s/ Cynthia Reed Eddy
                                                                      Cynthia Reed Eddy
                                                                      United States Magistrate Judge

---

[2]      Because the factors weigh in favor of transferring this case to the District of Colorado, no determination on the dismissal of Plaintiff's claims under the first-filed rule will be made.